RENDERED: JANUARY 7, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1422-ME

JOSEPH MATTHEW BYRDWELL       APPELLANT

        APPEAL FROM HENRY CIRCUIT COURT
v.        FAMILY COURT DIVISION
     HONORABLE S. MARIE HELLARD, SPECIAL JUDGE
    ACTION NOS. 16-D-00043 AND 16-D-00043-003

CHANTELE C.A. BYRDWELL       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Joseph Matthew Byrdwell, *pro se*, brings this appeal from an October 19, 2020, order of the Henry Circuit Court, Family Court Division, denying his petition for an order of protection against Chantele C.A. Byrdwell. We affirm.

    Joseph and Chantele were married May 17, 2008. Two children were born of the marriage. Chantele subsequently filed a petition for a decree of

dissolution of marriage on June 9, 2016. The parties were divorced by limited decree of dissolution of marriage on July 19, 2019.

On August 26, 2020, Joseph filed a petition for an order of protection (Action No. 16-D-00043-002)[1] in the Henry District Court. The petition was denied by order entered August 26, 2020, and signed by District Court Judge Diana Wheeler. Joseph subsequently filed a motion to alter, amend, or vacate the August 26, 2020, order, which was set for a hearing on September 9, 2020. A hearing on the motion to alter, amend, or vacate was conducted on September 9, 2020, by District Court Judge Jerry D. Crosby, II.

On September 9, 2020, while the petition for an order of protection was pending in the district court (Action No. 16-D-00043-002), Joseph filed a new petition for an order of protection (Action No. 16-D-00043-003) in the Henry Circuit Court, Family Court Division (family court). In the petition, Joseph requested, *inter alia*, a hearing upon his petition for a domestic violence order (DVO) and entry of an emergency protective order (EPO).

---

[1] Although not part of the record in this appeal, we take judicial notice that on May 24, 2016, Chantele C.A. Byrdwell filed a petition for an order of protection against Joseph Matthew Byrdwell (Action No. 16-D-00043-001) in the Henry District Court. Chantele was granted an emergency protective order and a hearing was set on the petition for domestic violence order (DVO). Following the hearing, and by order entered May 27, 2016, Chantele was granted a DVO against Joseph. The DVO was reissued on May 2, 2017, and May 15, 2018, and it was amended June 14, 2018. Joseph pursued two appeals to this Court (Appeal Nos. 2018-CA-000628-ME and 2018-CA-001150-ME) related to entry of the DVOs. By opinion rendered July 5, 2019, this Court vacated the May 15, 2018, and June 14, 2018, DVOs for lack of notice to Joseph and lack of jurisdiction, respectively.

In the district court action (Action No. 16-D-00043-002), Judge

Crosby denied the motion to alter, amend, or vacate the August 26, 2020, order by

docket order signed September 9, 2020, and entered September 16, 2020.  The

September 16, 2020, order provides:

> 1) Court denies the motion to alter, amend or vacate the order entered on August 26, 2020.  The court reaffirms the ruling that there is no imminent threat and doesn't meet the statutory requirements for issuance.
>
> 2) Court transfers the new petition for protection [Action No. 16-D-00043-003] dated 9-9-20 for Special Judge, Marie Hellard, Shelby County to review.  Special Judge Hellard has been appointed as a special family court judge on the matters of the parties and the court transfers . . .  for her review.

September 16, 2020, order.

Thereafter, on October 7, 2020, Joseph filed a motion in the family

court (Action No. 16-D-00043-003) requesting a ruling on his petition for an order

of protection.  By docket order entered October 19, 2020, the family court stated

that Joseph's petition had been transferred to Special Judge S. Marie Hellard and

"was taken under submission and denied."  Thereafter, Joseph filed a motion to

alter, amend, or vacate the October 19, 2020, order, which the family court also

denied.  Joseph filed the instant appeal from the October 19, 2020, order denying a

hearing upon his petition for DVO and denying his petition for an EPO.

Joseph contends that the family court erred by denying him an evidentiary hearing upon his petition for a DVO. In particular, Joseph claims his allegations of domestic violence and abuse were supported by substantial evidence, and as such, a hearing should have been granted. Joseph also contends the family court erred by denying his petition for an EPO. More specifically, Joseph asserts that the family court failed to make the required findings of fact upon the denial of the EPO.

Kentucky Revised Statutes (KRS) 403.715 to 403.785 were enacted by the General Assembly to provide domestic violence and abuse victims an avenue for obtaining protection from further violence. *Tipan v. Tipan*, 582 S.W.3d 70, 72 (Ky. App. 2019). Particularly relevant herein, KRS 403.730 provides, in pertinent part:

> (1) (a) The court shall review a petition for an order of protection immediately upon its filing. If the review indicates that domestic violence and abuse exists, the court shall summons the parties to an evidentiary hearing not more than fourteen (14) days in the future. If the review indicates that such a basis does not exist, the court may consider an amended petition or dismiss the petition without prejudice.
>
> . . . .
>
> (2) (a) If the review under this section also indicates the presence of an immediate and present danger of domestic violence and abuse, the court shall, upon proper motion, issue ex parte an emergency protective order . . . .

. . . .

(b)  If an order is not issued under this subsection, the court shall note on the petition, for the record, any action taken or denied and the reason for it.

As set forth above, the criteria for granting an evidentiary hearing upon a petition for a DVO and for issuing an EPO are set forth in KRS 403.730. Pursuant to Subsection (1) of KRS 403.730, the court shall review the petition for a DVO and, if such "review indicates that domestic violence and abuse exists, the court shall summons the parties to an evidentiary hearing not more than fourteen (14) days in the future." KRS 403.730(1)(a). Without question, a DVO may not be granted without an evidentiary hearing. However, to be entitled to an evidentiary hearing upon a petition for a DVO, the court's review must indicate that domestic violence and abuse exists. In other words, the court is the gatekeeper to determine if domestic violence and abuse exists.

Domestic violence is defined by KRS 403.720(1) as "physical injury, serious physical injury, stalking, sexual abuse, strangulation, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, strangulation, or assault between family members or members of an unmarried couple[.]" KRS 403.720(1). And, Subsection (2) of KRS 403.730 sets forth the standard for issuing an EPO. KRS 403.730(2) provides that "the court shall, upon proper motion, issue ex parte" an EPO if there exists "the presence of an

immediate and present danger of domestic violence and abuse[.]" KRS 403.730(2)(a).

Based upon the affidavit attached to Joseph's petition, Joseph failed to allege sufficient facts to establish that domestic violence and abuse existed. Logically, if a basis for domestic violence does not exist, then there is no immediate and present danger for domestic violence. In his petition, Joseph alleged that in 2018, and prior to that time, Chantele had posted social media messages directed at Joseph such as "Keep it up, pal! You're heading for a starring role in an episode of 'Snapped.'" Joseph further alleged that Chantele told him that standing up to her was like "bringing a knife to a gun fight." Joseph also asserted that Chantele suffered from untreated bipolar disorder. Finally, Joseph claimed there had been instances in 2019-2020 where Chantele had chased him around their child's softball field, had placed herself within ten feet of him, had looked through his backpack at the softball field, had parked where he had to walk past her vehicle to leave the softball field, and had made him feel uncomfortable by attempting to incite conflict. Then, without any supporting facts, other than her bipolar diagnosis, Joseph stated that he believed Chantele would "murder" him and/or their children.

Joseph's petition does not contain sufficient allegations to indicate that domestic violence and abuse existed under the statute. More particularly,

Joseph's allegations did not indicate there had been any "physical injury, serious physical injury, stalking, sexual abuse, strangulation, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, strangulation, or assault." *See* KRS 403.720(1). As Joseph failed to set forth sufficient allegations to demonstrate the presence of domestic violence and abuse, he likewise failed to demonstrate the presence of an immediate and present danger of domestic violence and abuse. Simply stated, Joseph's petition also failed to meet the requirement of KRS 403.730(2) for the issuance of an EPO.

As to Joseph's contention that the family court erred by failing to set forth its reasons for dismissing the petition for an EPO, we view this argument to be meritless. KRS 403.730(1)(a) does not require the court to set forth reasons for dismissing the petition. Failure to comply with KRS 403.730(1)(a) is a sufficient ground for dismissal. We note that under the statute, the dismissal is without prejudice. Nothing precludes Joseph from refiling a petition setting out additional alleged acts of violence and abuse. Joseph was not entitled to a hearing on his petition for a DVO or an EPO as he failed to set out sufficient allegations as required by KRS 403.730.

In sum, we conclude that the family court properly dismissed Joseph's petition for a hearing upon his DVO and his petition for an EPO. We deem any remaining contentions to be moot or without merit.

For the foregoing reasons, the October 19, 2020, order of the Henry Circuit Court, Family Court Division, denying Joseph's petition for a DVO and EPO is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Joseph Matthew Byrdwell, *Pro Se*
Eminence, Kentucky

BRIEF FOR APPELLEE:

Jonathan O. Wells
LaGrange, Kentucky